J-S65018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AVERY AUVIAN KIRKSEY, | |
| Appellant | No. 1996 WDA 2015 |

Appeal from the PCRA Order of December 4, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000187-2014

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 28, 2016**

Appellant, Avery Auvian Kirksey, appeals from an order entered on December 4, 2015 that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order of December 4, 2015 and remand with instructions directing the PCRA court to reinstate Appellant's direct appeal rights.

At the conclusion of trial on July 22, 2014, a jury found Appellant guilty of recklessly endangering another person, possession of an instrument of crime, firearms not to be carried without a license, possession of a firearm prohibited, and simple assault.[1]  Thereafter, on September 18, 2014, the trial court sentenced Appellant to an aggregate term of 84 to 180 months'

---

[1] 18 Pa.C.S.A. §§ 2705, 907(a), 6106(a)(1), 6105(a)(1), and 2701(a)(3).

*Retired Senior Judge assigned to the Superior Court.

incarceration. Attorney Thomas Brasco, Jr. represented Appellant at trial, but did not file post-sentence motions or a direct appeal.

On July 6, 2015, Appellant, acting *pro se*, filed a PCRA petition requesting reinstatement of his appellate rights. The petition alleged, among other things, that trial counsel refused to file post-sentence motions or a notice of appeal, despite Appellant's requests. The PCRA court appointed counsel who filed an amended petition. The PCRA court convened a hearing on December 3, 2015.

Appellant's PCRA hearing established that he spoke with trial counsel about filing a direct appeal immediately after the trial court imposed its sentence and again raised the issue in a letter sent to counsel on September 26, 2014. The following relevant exchanges occurred at the hearing.

DIRECT EXAMINATION (of trial counsel)

Commonwealth: In regard to your representation, after [Appellant] was sentenced, did he ever ask you to file an appeal of his judgment of sentence?

Trial Counsel: He did. I received a letter from him.

\* \* \*

CROSS EXAMINATION (of trial counsel)

PCRA Counsel: And in [the conversation between you and Appellant immediately following sentence] isn't it true [Appellant] asked you to file [] an appeal for him?

Trial Counsel: He asked me if I was going to come see him so we could discuss something regarding an appeal.

\* \* \*

- 2 -

PCRA Counsel: So between your conversation with [Appellant] and the letter that he sent you subsequently asking for you to file an appeal, you would agree that his attention [sic] was to want to appeal his sentence, or the merits of his case?

Trial Counsel: I believe he thought that he may want to file an appeal but he did not give me any sort of terms under which he believed an appeal could be filed.

* * *

PCRA Counsel: So isn't it possible that in line with your client's wishes for you to file an appeal, you could have therefore filed an [**Anders**[2]] [b]rief and let the Superior Court decide whether or not any meritorious issues existed?

Trial Counsel: I could have but I was under no obligation to do so.

* * *

DIRECT EXAMINATION (of Appellant)

PCRA Counsel: So, right directly after your sentence, you said to your attorney that you would like to appeal your sentence?

Appellant: Yeah. I had a few words before the sheriffs took me out.

* * *

PCRA Counsel: Is that a copy of the letter that you wrote Attorney Brasco?

Appellant: Yes.

PCRA Counsel: And if you just look at the first line, the first sentence, right here, what did you ask him to do?

Appellant: Put in a motion for a re – re-preliminary hearing and for a re-trial.

PCRA Counsel: And what else did you ask for?

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

Appellant: And I would like to put in a motion for appeal.

PCRA Counsel: [Appellant], do you have any legal training?

Appellant: No.

PCRA Counsel: Are you a lawyer?

Appellant: No.

PCRA Counsel: So you wouldn't really know specifically the word, the legal term that we would use for an appeal, right?

Appellant: Yes.

PCRA Counsel: So what was your intention when you wrote that letter?

Appellant: Asking him – asking [Attorney Brasco] for a direct appeal.

N.T. PCRA Hearing, 12/3/15, at 4, 7-8, 13, 18-19, and 20.

Following the hearing, the PCRA court concluded that Appellant did not ask trial counsel to file an appeal, but merely inquired into the possibility and feasibility of such efforts. Accordingly, the PCRA court held that trial counsel was not ineffective and dismissed Appellant's petition. This appeal followed in which both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our consideration.

Whether the PCRA court erred in denying [Appellant] post-conviction relief [by refusing to reinstate his direct appeal rights]?

Appellant's Brief at 3.

- 4 -

On appeal, Appellant challenges the PCRA court's denial of post-conviction relief. Our standard of review is well settled.

[We review an order] denying PCRA relief [to ascertain] whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015), *quoting*

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

In Pennsylvania,

an accused has an absolute right to appeal, P[ennsylvania] Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, *i.e.* for not protecting the accused's right in the absence of an effective waiver. This requirement that counsel protect the appellate right of an accused extends even to circumstances where the appeal is "totally without merit." *Commonwealth v. Perry*, 346 A.2d 554, 555 (Pa. 1975). This is not to say counsel must advance baseless claims in an appeal; rather, under such circumstances, he must protect the accused's right through the procedure enunciated in [*Anders*. *See also Perry*, *supra*; *Commonwealth v. Baker*, 239 A.2d 201 (Pa. 1968)]. Quite simply, the *Anders* procedure would serve no purpose were we to accept the [Post Conviction Hearing Act] court's position [that counsel cannot be deemed ineffective for failing to file an appeal where the petition does not disclose issues of arguable merit].

*Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980) (parallel citations omitted); *see also Commonwealth v. Reaves*, 923 A.2d 119 (Pa. 2007) (counsel is considered ineffective *per se* when he fails to file a requested direct appeal); *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa.

1999) (defendant entitled to automatic reinstatement of direct appeal rights where counsel fails to initiate a requested direct appeal).

In this case, the PCRA court did not apply the foregoing principles of law. Instead, the court found that Appellant never requested an appeal, but merely inquired as to the "feasibility and viability" of such a filing. *See* PCRA Court Opinion, 12/4/15, at 1. Our task here is to determine whether the record supports the PCRA court's finding.

After careful review of the testimony introduced at the PCRA hearing, we conclude that the certified record does not support the PCRA court's factual assessment. The record demonstrates that Appellant communicated his desire to appeal his judgment of sentence on two occasions. Although Appellant's wishes may have been inarticulately worded and/or poorly punctuated, they were sufficient to convey Appellant's interest in challenging his sentence on appeal. Moreover, the record shows that counsel acknowledged his awareness of Appellant's desire to litigate a direct appeal.

Counsel felt free, however, to disregard Appellant's requests based upon his own misapprehension of Pennsylvania law and his apparent lack of experience in litigating appeals. *See* N.T. PCRA Hearing, 12/3/15, at 12 (counsel admitting that he has never filed a notice of appeal). Counsel believed he was under no obligation to file an appeal if there were no meritorious issues to raise. *Id*. at 13. This understanding stands squarely at odds with prevailing Pennsylvania law. If counsel believed that an appeal

was frivolous, he was duty bound to follow the procedure set forth in *Anders* and its Pennsylvania progeny. *Wilkerson*, *supra*. Under this procedure, counsel could have filed a statement of intent to file an *Anders* brief *in lieu* of filing a court-ordered concise statement. *See* Pa.R.A.P. 1925(c)(4). This procedure has been adopted to preserve appellate review of arguably meritorious claims. *Id.* Counsel's failure to follow proper procedure and the PCRA court's ruling in this case defeats this goal. In short, the record here leads us to conclude that counsel's misunderstanding of applicable law led him to disregard Appellant's valid request to file a direct appeal. For these reasons, we vacate the order denying collateral relief and remand this matter with instructions that the PCRA court reinstate Appellant's direct appeal rights. *Wilkerson*, *supra*; *Reaves*, *supra*; *Lantzy*, *supra*.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2016